UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **EMMALINE BLAKELY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 1:25-cv-00671-HAB-ALT |
| | ) |
| **INDIANA DEPARTMENT OF CHILD** | ) |
| **SERVICES,** *in official capacity*, *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

On January 6, 2026, *pro se* Plaintiff filed a motion for leave to conduct early/expedited discovery (ECF 12). On January 7, 2026, the Court ordered Defendants to respond to the motion to conduct early/expedited discovery on or before January 14, 2026, construing the motion as a motion to preserve evidence. (ECF 13). On January 14, 2026, Defendants Indiana Department of Child Services, Alicia Belton, Amaal Phillips, Rachel Flauding, Caitlyn Kinzer, and Brianna Wolfe (the "State Defendants") filed their response to Plaintiff's motion to preserve evidence. (ECF 16). On January 20, 2026, Plaintiff then filed a reply. (ECF 17).[1] The motion is now ripe.

Plaintiff seeks to preserve four oral drug specimens, policy and procedures regarding specimen handling and retention, chain-of-custody documentation, and related records from Cordant and, to the extent applicable, the State Defendants. (ECF 17 at 1). Plaintiff disputes the accuracy and handling of these materials as part of her claim. (*Id*. at 2). She is concerned the biological specimens will be destroyed.

---

[1] As to Defendant Cordant Health Solutions ("Cordant"), a clerk's entry of default was entered against Cordant on January 13, 2026, for its failure to timely appear and answer Plaintiff's complaint. (ECF 15). Cordant has since appeared and filed a motion to set aside the default, which remains pending. (ECF 19, 20). Cordant has not filed a response to the motion to preserve evidence.

State Defendants oppose the motion arguing destruction or spoilation has not occurred and there is no evidence that destruction of evidence is likely. (ECF 16 at 3). They contend they are aware of their preservation duties under the Federal Rules of Civil Procedure. (*Id.* at 2).

Defendants' duty to preserve evidence attached when it knew, or should have known, that litigation was imminent. *See Chandler v. Buncich*, No. 2:12 CV 175, 2012 WL 4343314, at *1 (N.D. Ind. Sept. 24, 2012); *Trask–Morton v. Motel 6 Operating L.P.,* 534 F.3d 672, 681 (7th Cir. 2008). This "duty to preserve evidence is broad, encompassing any relevant evidence that the non-preserving party knew or reasonably could foresee would be relevant to the action." *Chandler*, 2012 WL 4343314, at *1 (collecting cases). At the latest, the duty attached when Plaintiff informed Defendants of the potential claims, and proof of service filed by Plaintiff reflects that service was accomplished on all Defendants by December 19, 2025. (ECF 9; *see also* ECF 20 at 3). Therefore, the duty to preserve evidence has attached to all Defendants. "Failure to abide by this duty may result in sanctions when it was done willfully, in bad faith, or when the non-compliant party was at fault." *Chandler*, 2012 WL 4343314, at *1 (collecting cases), *see also Trask–Morton*, 534 F.3d at 681.

The Court has broad discretion when determining whether to order a party to preserve evidence and should only do so upon an adequate showing that equitable relief is warranted. *Chandler*, 2012 WL 4343314, at *1. Courts consider three factors in determining whether a preservation order is warranted: "1) whether Plaintiff[] can demonstrate that Defendants will destroy necessary [evidence] without a preservation order; 2) whether Plaintiff[] will suffer irreparable harm if a preservation order is not entered; and 3) the burden imposed upon the parties by granting a preservation order." *Id*. (citation omitted).

      Blakely has not demonstrated that relief is warranted. She has not shown that Defendants will destroy evidence without a preservation order, now that they are on notice of her claims and their duty to preserve evidence has attached. Blakely's motion focuses on Cordant's lack of communication about the evidence months prior to notice of any legal claims and the prejudice she may suffer if the evidence is destroyed. (ECF 12 at 2). She also argues her request is narrow as she requests four specimens and documentation. (*Id.*). However, without some indication that Defendants, specifically Cordant, will destroy evidence, relief is not warranted. Defendants' duty to preserve evidence has attached and the Court has no reason to think Defendants will ignore their duty.

      *Pro se* Plaintiff's motion for leave to conduct early/expedited discovery, construed as a motion to preserve evidence (ECF 12), is DENIED.

      SO ORDERED.

      Entered this 26th day of January 2026.

                                                    /s/ Andrew L. Teel
                                                    Andrew L. Teel
                                                    United States Magistrate Judge