UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| EMMALINE BLAKELY, <br><br> Plaintiff, <br><br> v. <br><br> INDIANA DEPARTMENT OF CHILD SERVICES, et al., <br><br> Defendants. | CASE NO. 1:25-CV-671-HAB-ALT |

**OPINION AND ORDER**

Pro se Plaintiff Emmaline Blakely filed her complaint against Defendants on December 12, 2025, alleging various claims for torts and constitutional violations. (ECF 1). She amended her complaint three days later. (ECF 3). Shortly thereafter, Plaintiff provided proof that all Defendants had been served as of December 19, 2025. (ECF 9; *see also* ECF 20 at 3).

But Defendant Cordant Health Solutions ("Cordant") did not respond to the complaint within 21 days of being served and no attorneys appeared on its behalf. On January 13, 2026, Plaintiff moved for default against Cordant. (ECF 14). Because Cordant had failed to timely appear or respond to Plaintiff's complaint, the clerk entered default against Cordant the same day. (ECF 15). On January 22, 2026, Cordant finally appeared and filed a motion to set aside the default. (ECF 19, 20). Plaintiff opposed the motion. (ECF 22). Cordant has now filed its reply, (ECF 25), making the motion ripe for ruling.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "A party seeking to vacate an entry of default prior to the entry of final judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint."

*Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630–31 (7th Cir. 2009) (internal citations and quotations omitted); *Jackson v. Zormier*, No. 2:20-CV-45-TLS-APR, 2020 WL 1550811, at *1 (N.D. Ind. Apr. 1, 2020), *aff'd*, No. 24-2762, 2025 WL 3138901 (7th Cir. Nov. 10, 2025). The Seventh Circuit has long favored a trial on the merits over a default judgment. *Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007). The decision of whether to vacate an entry of default is left to the discretion of the district court. *Id.*

Here, Cordant explains that after the complaint was served, it was not sent through the proper channels. (ECF 20, at 4). The company says this happened inadvertently and the mistake kept the appropriate employees from responding. (*Id.*). Cordant did not learn about the entry of default against it until Indiana Department of Child Services notified it on January 13, 2026. (*Id.*). This conduct as stated does not constitute willful neglect, and no other evidence points to this being willful neglect. This is enough to constitute good cause. *See Cracco*, 559 F.3d at 631 (holding that a similar inadvertent error by a company constituted good cause).

Cordant also took quick action to correct the entry of default. The clerk entered default on January 13, 2026, and Cordant learned of the default the same day from Indiana Department of Child Services. (ECF 20, at 4). Cordant then contacted counsel and filed the motion to set aside default on January 22, 2026, just nine days later. (*Id.* at 5). Nine days is quick enough action to correct the entry of default. *See Cracco*, 559 F.3d at 631 (finding response after eight days to be timely to set aside default). Further, the case did not meaningfully change in those nine days such that setting aside the default would prejudice Plaintiff.

Lastly, Cordant has multiple meritorious defenses to the complaint. Cordant argues it will demonstrate that it:

    1) acted in accordance with its agreement with Defendant Indiana Department of Child Services to provide laboratory testing services, 2) is not a state actor and was not acting under color of law and, therefore, cannot be held liable under 42 U.S.C. § 1983 for any alleged violations of Plaintiff's rights, 3) did not owe duties to Plaintiff and, 4) did not violate any alleged duties it owed Plaintiff. Cordant is a laboratory testing company, and the facts will demonstrate that Cordant did not conspire with any party and certainly did not intentionally inflict emotional distress on Plaintiff. Thus, any claim based on alleged violations of Plaintiff's Fourteenth Amendment rights are barred as a matter of law.

(ECF 20, at 6). This is sufficient to show a meritorious defense. Cordant has notified Plaintiff and the Court of the nature of its defense and provided enough of a factual basis for that defense. *See Cracco*, 559 F.3d at 631. The company need not demonstrate "actual likelihood of prevailing on [the] defenses." *Bieganek v. Taylor*, 801 F.2d 879, 882 (7th Cir. 1986). For purpose of setting aside a default, the defenses are meritorious if they are "good at law so as to give the factfinder some determination to make." *Bieganek v. Taylor*, 801 F.2d 879, 882 (7th Cir. 1986). Based on the information Cordant provided, there will be numerous areas where the factfinder will have to make determinations of liability and the applicability of Cordant's defenses. Given the lenient standards of application of Rule 55(c), Cordant has sufficiently presented a meritorious defense.

  In sum, Cordant has met its burden to vacate the entry of default. The Court GRANTS the motion to set aside the default. (ECF 20). The clerk's entry of default (ECF 15) is VACATED. Defendant Cordant shall file its answer.

  **SO ORDERED** on February 4, 2026.

        s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT